# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

RONALD LAVERDURE.

No. 10 CR 766
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Ronald Laverdure was convicted of one count of bankruptcy fraud, two counts of concealment of property belonging to the estate of a debtor, and two more counts of falsification of records in a bankruptcy case. He did not disclose his interest in his residence or his two vehicles or his interest in proceeds from a condemnation lawsuit. I imposed a sentence of 48 months in prison and an order to pay over $300,000 in restitution along with three years of supervised release.

He filed an appropriate notice of appeal on May 5, 2015. On June 1, 2015, the Court of Appeals suspended briefing so Laverdure could resolve his motion to appeal which was affected by his possible status as a pauper. Laverdure's lawyer was waiting for Laverdure to respond about the financial affidavit needed to advance his *in forma pauperis* appeal. The other alternative before Laverdure and his lawyer was to dismiss the appeal.

During a phone call with his lawyer, "Laverdure plainly expressed that he did not wish to pursue his appeal any longer." The attorney sent a stamped envelope with a document which would allow Laverdure's attorney to dismiss appeal if Laverdure had signed and returned the document which led to the dismissal of the appeal. Laverdure did sign and asked the Court of Appeals to dismiss his appeal, which was dismissed on September 1, 2015 by the Court of Appeals which issued the mandate.

About two and half months later, Laverdure declared that his lawyer did not follow his instructions when dismissing his appeal. Laverdure's lawyer wrote that he had no record or knowledge of Laverdure's stance until Laverdure's email indicated that he wanted the motion to dismiss the appeal held "in escrow" until the "government and the Judge have agreed to lower [Laverdure's] sentence." At this stage of the case, the proposal is meaningless. Neither I nor the prosecution have the power to lower the

1

sentence of Laverdure. Laverdure wanted a deal from the Judge, i.e., reduce sentence and Laverdure would drop his appeal.

Laverdure lives in a contractor's world of deals, but a judge gains no personal benefit from trading sentence reduction in order to reduce a defendant's sentence.

In any event, the whole of the Laverdure project is meaningless because a judge in my circumstances cannot recall the mandate of the Court of Appeals. There are a few circumstances when a judge can reopen the criminal case but none are significant in this case. There is no jurisdictional or constitutional basis for Laverdure's proposed trade. Laverdure's deal was itself nothing more than his invitation to miscarry justice. And the invitation to the deal was not made until after Laverdure had already agreed to dismiss his appeal. Laverdure's contention that he timely offered the deal is not credible.

The evidence of Laverdure's conduct in the frauds he perpetrated, in the defenses he offered at trial, and his "deal position" are not worth any credit.

The recall of the mandate is beyond my authority, and the motion is denied. The conduct of defense counsel does not support a claim that his counsel's conduct met the standard of 28 U.S.C. § 2255.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: May 24, 2016